**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ESTHER PAULING** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:05CV262** |
| | § | |
| **OCEAN SPRINGS HOSPITAL** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [45] filed by Defendant Ocean Springs Hospital (the "Hospital") in this racial discrimination case brought pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Plaintiff has filed a response, and the Hospital has replied. After due consideration of the submissions, it is the Court's opinion that Plaintiff has failed to show that there is a question of material fact for the jury. The Hospital is therefore entitled to judgment as a matter of law.

DISCUSSION

Plaintiff Pauling, a Hispanic female, was employed as a nurse by Defendant Hospital from February 2002 to July 2003 and from November 2003 until her termination in June 2004. Pauling was terminated after the Hospital determined that Pauling had failed to recognize an Emergency Department patient's life-threatening condition, which unnecessarily placed the patient's life in danger. A few days prior to her termination, Plaintiff had also been counseled regarding complaints about her attitude and ability to work well with co-employees.

Th event leading to Pauling's termination occurred while she was on duty as a triage nurse in the Hospital's Emergency Department on May 24, 2004. Plaintiff triaged a patient who had a swollen tongue. Plaintiff brought the patient to a treatment room and placed the patient's chart in the rack at the nurses station. Plaintiff did not give a report to the primary treatment

nurse and did not administer any treatment to the patient.  The parties agree that the patient was unattended for at least 17 minutes.  When the primary treatment nurse entered the room, she found the patient to be suffering from a severely swollen tongue, which was filling her entire oral cavity.  The patient was diagnosed by the Emergency Department physician to be suffering from Angioedema, a life-threatening airway disorder.

The Hospital conducted an investigation of the incident, obtaining statements from the other personnel on duty in the Emergency Department at the time.  After the investigation, Plaintiff was suspended with a recommendation of discharge.  Plaintiff appealed the recommendation to the Hospital Administrator, Dwight Rimes.  Mr. Rimes conducted the appeal, and on June 21, 2004, concluded that the recommendation of discharge was appropriate.  Mr. Rimes offered to allow Pauling to resign, but she refused.  Her employment was then terminated.

RACIAL DISCRIMINATION:

Pauling alleges that the Hospital has shown preferential treatment to Caucasian employees by disciplining her through termination, but not terminating her Caucasian co-workers for similar or worse conduct.  In particular, she cites the treatment of Allen Nelson, a Caucasian R.N. who was disciplined for practicing outside the scope of nursing by being suspended without pay for two weeks.  Pauling alleges that another Caucasian R.N., Phyllis Villines, had committed several medication errors but was not terminated.

To establish a claim of discriminatory discharge, a plaintiff must first establish a *prima facie* case of discrimination.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Defendant may then offer a legitimate, non-discriminatory reason for the termination, at which time the plaintiff must "'offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext

-2-

alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristics (mixed-motive[s] alternative).'" *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 341 (5th Cir. 2005)(quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

To prove a *prima facie* case of discrimination, a plaintiff must establish that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, show that other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

The Hospital does not dispute satisfaction of the first and third elements of Plaintiff's *prima facie* case. Pauling is a member of a protected class, and she was terminated. However, the Hospital asserts that while initially qualified for her position, Pauling became unqualified when she put a patient's life in danger. The Hospital provides no support for the proposition that an employee otherwise qualified can lose this status by poor performance, and it appears that in the Fifth Circuit, the inquiry should be limited to objective measures of job qualification. *See, e.g., Kesterson v. R.R. Donnelley & Sons Co.*, 2002 WL 923921, *3 (N.D.Tex. 2002) (citing *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988)), *but see Sreeram v. Louisiana State University Medical Center-Shreveport,* 188 F.3d 314, 318-19 (5th Cir.1999)(hospital resident failed to prove that she was qualified for her position, as she had universal negative evaluations of her work in the position). A determination on this matter is unnecessary, however, as the Hospital has presented competent evidence that Pauling cannot satisfy the fourth element of a *prima facie* showing: that she was replaced by someone outside her protected class, or other similarly situated employees were treated more favorably. *Bryan*, 375

F.3d at 360.

Summary judgment may be used to dispose of cases where a plaintiff fails to show that she was treated less favorably than similarly situated persons outside her protected class. *Blakely v. First Mississippi Federal Credit Union*, 2006 WL 2243203 (S.D. Miss., Aug. 4, 2006). The Court must examine whether the plaintiff and her comparators are similarly situated in all relevant respects and whether her employer gave preferential treatment to another employee under "nearly identical" circumstances. *Bryant v. Compass Group USA Inc.*, 2005 WL 1404959, *5 (5th Cir., June 16, 2005). Factors to be considered include the conduct of the employee, the supervisor involved in any employment action and the employer's perception of the seriousness or severity of the employee's conduct. *Little v. Republic Refining Co., Ltd.,* 924 F.2d 93, 97 (5th Cir. 1991).

The Court finds that even if Plaintiff, Nelson and Villines were similarly situated employees, the Hospital did not give preferential treatment to Nelson and Villines under "nearly identical" circumstances. Nelson treated a patient's injury before the patient had been admitted to the Emergency Department. (Exh. "P" to Def. Mtn. Summ. Judg.). Nelson was suspended without pay for two weeks, after which he was returned to work with supervision and placed on probation for one year. *Id.* Nelson's rule infraction was clearly considered by the Hospital to be serious, yet there is no indication that the Hospital perceived Nelson's actions to have placed a patient's life in danger. As for the second comparator, Villines, Pauling alleges that Villines "hung TPN [total parenteral nutrition] on the wrong patient." Exh. "M" Def. Rebuttal, pg. 60. Pauling did not know if Villines had been "written up" for that error. *Id.,* pg. 61. Pauling has not provided any evidence showing that the Hospital was aware of Villines's error. The Hospital provides Villines's personnel records dating back to February 2002, which do not contain any

-4-

notation of a medication error.  Exh. "N" Def. Rebuttal.

Reviewing all of the facts and circumstances of this case, Nelson and Villines's actions cannot be said to be "nearly identical" to the acts committed by Pauling, and they are therefore not "similarly situated" employees under "nearly identical circumstances" who were treated differently.  Pauling has not shown evidence satisfying the fourth element of her *prima facie* case.

Even if she had established a *prima facie* case of racial discrimination, Pauling has presented no evidence that might be viewed as casting doubt on the Hospital's proffered reason for Pauling's discharge.  There is a similar lack of evidence suggesting that Pauling's race was a motivating factor for her discharge.  Pauling only speculates that her race motivated the Hospital's decision to terminate her employment.  The Fifth Circuit has repeatedly held that an employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief.  *See E.E.O.C. v. Louisiana Office of Comm. Serv., et al.,* 47 F.3d 1438, 1448 (5th Cir. 1995).  The Hospital is therefore entitled to judgment as a matter of law on Plaintiff's racial discrimination claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [45] filed by Defendant Ocean Springs Hospital is **GRANTED**.  Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE